UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL ORTEGA,

    Petitioner,

v.

JOE A. LIZARRAGO,

    Respondent.

Case No. 16-cv-02747-PJH

**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 5

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a May 2, 2001, conviction from the Santa Clara County Superior Court. However, court records indicate that petitioner already filed a habeas petition in this court challenging the same conviction. *See Ortega v. R.J. Subia*, Case No. 07-cv-4541-PJH. Petitioner's case was dismissed with prejudice as barred by the statute of limitations. In this case, the court ordered petitioner to show cause why this case should not be dismissed as successive. Petitioner has not filed a response, but he did file a motion for a certificate of appealability.

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to

>establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner has failed to demonstrate the he received authorization to file a new petition. The case is therefore dismissed. If petitioner obtains permission from the Ninth Circuit he may refile this case. He must file the motion for a successive petition with the Ninth Circuit.

## CONCLUSION

This case is **DISMISSED**. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED** as is petitioner's motion for a certificate of appealability (Docket No. 5). *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: August 2, 2016

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_02747_Ortega_v_Lizarrago_(PSP)\16-cv-02747-PJH-dis.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL ORTEGA,
    Plaintiff,

v.

JOE A. LIZARRAGO,
    Defendant.

Case No. 16-cv-02747-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 2, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Samuel Ortega ID: T-24740
Mule Creek State Prison
P.O. Box 409060
Ione, CA 95640

Dated: August 2, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Doug Merry, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON

3